No. 15-11071

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

ARMOUR ROBINSON, ON BEHALF OF HERSELF AND ALL OTHERS
SIMILARLY SITUATED,

>  *Plaintiff – Appellant*

v.

NEXION HEALTH AT TERRELL, INCORPORATED,

>  *Defendant – Appellee*

_____

On Appeal from the United States District Court
for the Northern District of Texas (Case No. 12-cv-03853)
The Honorable Sam A. Lindsay

_____

## RECORD EXCERPTS

_____

Douglas B. Welmaker            Adam W. Hansen
DUNHAM & JONES, P.C.           NICHOLS KASTER, PLLP
1800 Guadalupe Street          4600 IDS Center
Austin, TX 78701               80 South Eighth Street
(512) 777-7777                 Minneapolis, MN 55402
                               (612) 256-3207

*Counsel for Appellant*

# TABLE OF CONTENTS

**Exhibit**                                                                 **Page**
**No.**

**1.** Docket Sheet .................................................................. ROA.1

**2.** Notice of Appeal ...................................................... ROA.1043

**3.** Magistrate's Report and Recommendation Denial of Defendant's
Motion for Summary Judgment ............................................... ROA.910

**4.** Order Granting Defendant's Motion for Summary Judgment . ROA.989

**5.** Order Denying Plaintiff's Motion to Reconsider or Alter the
Judgment ................................................................. ROA.1039

# EXHIBIT 1

APPEAL,CASREF,CLOSED,JURY,TOLIVER

# U.S. District Court
# Northern District of Texas (Dallas)
# CIVIL DOCKET FOR CASE #: 3:12-cv-03853-L-BK

Robinson v. Nexion Health at Terrell Inc

Assigned to: Judge Sam A Lindsay

Referred to: Magistrate Judge Renee Harris Toliver

 Case in other court:   15-11071

Cause: 29:201 Denial of Overtime Compensation

Date Filed: 09/24/2012

Date Terminated: 03/31/2015

Jury Demand: Plaintiff

Nature of Suit: 710 Labor: Fair Labor Standards Act

Jurisdiction: Federal Question

**Plaintiff**

**Armour Robinson**
*on Behalf of Herself and All Others Similarly Situated*

represented by **Douglas B Welmaker**
Dunham & Jones PC
1800 Guadalupe Street
Austin, TX 78701
512/777-7777
Fax: 512/340-4051
Email: doug@dunhamlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**David G Langenfeld**
Dunham & Jones PC
1800 Guadalupe St
Austin, TX 78701
512/777-7777
Fax: 512/340-4051
Email: david@dunhamlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Scotty D Jones**
Dunham & Jones PC
1110 East Weatherford Street
Fort Worth, TX 76102
817/888-8888
Fax: 817/810-0050
Email: sjones@dunhamlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

V.

**Defendant**

**Nexion Health at Terrell Inc**

represented by **John B Brown**
Ogletree Deakins Nash Smoak & Stewart PC
Preston Commons West

15-11071.1

8117 Preston Road, Ste 500
Dallas, TX 75225
214-987-3800 ext. 226
Fax: 214-987-3927
Email: john.brown@ogletreedeakins.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Alicia Sienne Voltmer**
Ogletree Deakins Nash Smoak & Stewart PC
8117 Preston Road, Suite 500
Dallas, TX 75225-4324
214/987-3800
Fax: 214/987-3927
Email: alicia.voltmer@ogletreedeakins.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Brittany Lajuan Adams**
Ogletree Deakins Nash Smoak & Stewart PC
8117 Preston Road
Suite 700
Dallas, TX 75225
(214) 987-3800
Fax: (214) 987-3927
Email: brittany.adams@ogletreedeakins.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Colin LeCroy**
Ogletree Deakins Nash Smoak & Stewart PC
8117 Preston Road
Suite 500
Dallas, TX 75225
214/525-2195
Fax: 214/987-3927
Email: colin.lecroy@ogletreedeakins.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Mediator**

**ADR Provider**                    represented by  **Courtenay L Bass**
Gilbert Mediation Group
12001 N Central Expressway, Ste 650
Dallas, TX 75243
214-303-4500
Fax: 214-303-4501
Email: clbmediate@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/24/2012 | 1 (p.9) | COMPLAINT WITH JURY DEMAND against All Defendants filed by Armour Robinson. Clerk to issue summons(es). In each Notice of Electronic Filing, the judge assignment is indicated, and a link to the  Judges Copy Requirements is provided. The court reminds the filer that any required copy of this and future documents must be delivered to the judge, in the manner prescribed, within three business days of filing. (Filing fee $350; Receipt number 0539-4841525) Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas should seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership (Attachments: # 1 (p.9) Cover Sheet) (Langenfeld, David) (Entered: 09/24/2012) |
| 09/24/2012 | 2 (p.19) | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by Armour Robinson. (Langenfeld, David) (Entered: 09/24/2012) |
| 09/24/2012 | 3 (p.21) | NOTICE of Filing Notice of Consent filed by Armour Robinson (Attachments: # 1 (p.9) Exhibit(s)) (Langenfeld, David) (Entered: 09/24/2012) |
| 09/24/2012 | 4 (p.24) | New Case Notes: A filing fee has been paid. File to Judge Lindsay. Pursuant to Misc. Order 6, Plaintiff is provided the Notice of Right to Consent to Proceed Before A U.S. Magistrate Judge (Judge Toliver). Clerk to provide copy to plaintiff if not received electronically. (cea) (Entered: 09/24/2012) |
| 09/24/2012 | 5 (p.26) | Summons Issued as to Nexion Health at Terrell Inc. (cea) (Entered: 09/24/2012) |
| 12/28/2012 | 6 (p.28) | ANSWER to 1 (p.9) Complaint, filed by Nexion Health at Terrell Inc. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas should seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov, or by clicking here:  Attorney Information - Bar Membership. (Brown, John) Modified on 12/31/2012 (rlw). (Entered: 12/28/2012) |
| 12/28/2012 | 7 (p.35) | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by Nexion Health at Terrell Inc. (Brown, John) (Entered: 12/28/2012) |
| 03/12/2013 | 8 (p.37) | ORDER REQUIRING ATTORNEY CONFERENCE AND STATUS REPORT. The conference shall take place no later than 3/27/2013. Status Report due by 4/11/2013. (Ordered by Judge Sam A Lindsay on 3/12/2013) (ctf) (Entered: 03/12/2013) |
| 04/11/2013 | 9 (p.41) | NOTICE of Attorney Appearance by Brittany Lajuan Adams on behalf of Nexion Health at Terrell Inc. (Filer confirms contact info in ECF is current.) (Adams, Brittany) (Entered: 04/11/2013) |
| 04/11/2013 | 10 (p.43) | Joint STATUS REPORT filed by Nexion Health at Terrell Inc, Armour Robinson. (Brown, John) (Entered: 04/11/2013) |
| 05/02/2013 | 11 (p.50) | STANDING ORDER OF REFERENCE: This case is referred to United States Magistrate Judge Renee Harris Toliver for pretrial management. (Ordered by Judge Sam A Lindsay on 5/2/2013) (tln) (Entered: 05/02/2013) |
| 05/03/2013 | 12 (p.51) | CLASS CERTIFICATION SCHEDULING ORDER: Class Certification discovery closes 8/15/2013. Plaintiffs must file their motion for class certification by 9/16/2013. Defendant must file its response by 10/16/2013. Plaintiffs must file |

| | | |
|---|---|---|
| | | their reply 10/31/2013. (Ordered by Magistrate Judge Renee Harris Toliver on 5/3/2013) (mcrd) (Entered: 05/03/2013) |
| 07/05/2013 | 13 (p.53) | Unopposed MOTION for Leave to File First Amended Complaint filed by Armour Robinson (Attachments: # 1 (p.9) Exhibit(s)) (Langenfeld, David) (Entered: 07/05/2013) |
| 07/16/2013 | 14 (p.62) | ORDER granting 13 (p.53) Plaintiff's Unopposed Motion for Leave to File First Amended Complaint. The court directs Plaintiff to file its First Amended Complaint by 7/19/2013. (Ordered by Judge Sam A Lindsay on 7/16/2013) (axm) Modified on 7/16/2013 (axm). (Entered: 07/16/2013) |
| 07/17/2013 | 15 (p.63) | AMENDED COMPLAINT WITH JURY DEMAND against Nexion Health at Terrell Inc filed by Armour Robinson. (Langenfeld, David) (Entered: 07/17/2013) |
| 07/17/2013 | 16 (p.70) | NOTICE of Attorney Appearance by David G Langenfeld for Douglas B. Welmaker on behalf of Armour Robinson. (Langenfeld, David) (Entered: 07/17/2013) |
| 07/26/2013 | 17 (p.72) | ANSWER to 15 (p.63) Amended Complaint filed by Nexion Health at Terrell Inc. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas should seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. (Brown, John) (Entered: 07/26/2013) |
| 09/25/2013 | 18 (p.78) | Second STATUS REPORT filed by Nexion Health at Terrell Inc, Armour Robinson. (Brown, John) (Entered: 09/25/2013) |
| 09/26/2013 | 19 (p.82) | SCHEDULING ORDER: Amended Pleadings due by 10/30/2013. Joinder of Parties due by 10/30/2013. Discovery due by 4/1/2014. Deadline for mediation is on or before 4/15/2014. Status Report due by 4/22/2014. Motions due by 5/1/2014. (Ordered by Magistrate Judge Renee Harris Toliver on 9/26/2013) (mcrd) (Entered: 09/27/2013) |
| 09/26/2013 | 20 (p.87) | STANDING ORDER ON NON-DISPOSITIVE MOTIONS (See order for specifics). (Ordered by Magistrate Judge Renee Harris Toliver on 9/26/2013) (mcrd) (Entered: 09/27/2013) |
| 03/24/2014 | 21 (p.90) | Emergency MOTION to Quash *and for Protective Order* filed by Nexion Health at Terrell Inc (LeCroy, Colin) (Entered: 03/24/2014) |
| 03/24/2014 | 22 (p.103) | Appendix in Support filed by Nexion Health at Terrell Inc re 21 (p.90) Emergency MOTION to Quash *and for Protective Order* (LeCroy, Colin) (Entered: 03/24/2014) |
| 03/25/2014 | 23 (p.128) | ORDER: The Court finds that expedited briefing on the 21 (p.90) Emergency MOTION to Quash *and for Protective Order* is warranted. Plaintiff shall file a response to the motion no later than 4/7/2014. Defendant may file a reply brief no later than 4/14/2014. (Ordered by Magistrate Judge Renee Harris Toliver on 3/25/2014) (mcrd) (Entered: 03/25/2014) |
| 04/07/2014 | 24 (p.129) | RESPONSE filed by Armour Robinson re: 21 (p.90) Emergency MOTION to Quash *and for Protective Order* (Welmaker, Douglas) (Entered: 04/07/2014) |
| 04/07/2014 | 25 (p.140) | Appendix in Support filed by Armour Robinson re 24 (p.129) Response/Objection (Welmaker, Douglas) (Entered: 04/07/2014) |

| | | |
|---|---|---|
| 04/14/2014 | 26 (p.151) | REPLY filed by Nexion Health at Terrell Inc re: 21 (p.90) Emergency MOTION to Quash *and for Protective Order* (LeCroy, Colin) (Entered: 04/14/2014) |
| 04/15/2014 | 27 (p.158) | Alternative Dispute Resolution Summary filed by ADR Provider. Attorneys in Attendance: Doug Welmaker, John Brown. Prv Fee: $ 1500.00. Outcome of ADR: Parties were unable to reach a settlement. (Bass, Courtenay) (Entered: 04/15/2014) |
| 04/16/2014 | 28 (p.160) | ORDER granting in part and denying in part 21 (p.90) Emergency Motion to Quash Notices of Deposition and for Protective Order (See order for specifics). (Ordered by Magistrate Judge Renee Harris Toliver on 4/16/2014) (mcrd) (Entered: 04/16/2014) |
| 04/23/2014 | 29 (p.167) | Joint STATUS REPORT *on Trial Length and Status of Settlement Negotiations* filed by Nexion Health at Terrell Inc, Armour Robinson. (Welmaker, Douglas) (Entered: 04/23/2014) |
| 04/30/2014 | 30 (p.169) | MOTION for Summary Judgment filed by Nexion Health at Terrell Inc (Attachments: # 1 (p.9) Proposed Order) (Brown, John) (Entered: 04/30/2014) |
| 04/30/2014 | 31 (p.173) | Brief/Memorandum in Support filed by Nexion Health at Terrell Inc re 30 (p.169) MOTION for Summary Judgment (Brown, John) (Entered: 04/30/2014) |
| 04/30/2014 | 32 (p.196) | Appendix in Support filed by Nexion Health at Terrell Inc re 31 (p.173) Brief/Memorandum in Support of Motion (Attachments: # 1 (p.9) Exhibit(s) A, # 2 (p.19) Exhibit(s) A-1) (Brown, John) (Entered: 04/30/2014) |
| 04/30/2014 | 33 (p.272) | ADDITIONAL ATTACHMENTS to 32 (p.196) Appendix in Support by Defendant Nexion Health at Terrell Inc. (Attachments: # 1 (p.9) Exhibit(s) A-2) (Brown, John) (Entered: 04/30/2014) |
| 04/30/2014 | 34 (p.357) | ADDITIONAL ATTACHMENTS to 32 (p.196) Appendix in Support by Defendant Nexion Health at Terrell Inc. (Attachments: # 1 (p.9) Exhibit(s) A-3, # 2 (p.19) Exhibit(s) B, # 3 (p.21) Exhibit(s) B-1) (Brown, John) (Entered: 04/30/2014) |
| 04/30/2014 | 35 (p.384) | ADDITIONAL ATTACHMENTS to 32 (p.196) Appendix in Support by Defendant Nexion Health at Terrell Inc. (Attachments: # 1 (p.9) Exhibit(s) C) (Brown, John) (Entered: 04/30/2014) |
| 04/30/2014 | 36 (p.505) | ADDITIONAL ATTACHMENTS to 32 (p.196) Appendix in Support by Defendant Nexion Health at Terrell Inc. (Attachments: # 1 (p.9) Exhibit(s) D, # 2 (p.19) Exhibit(s) E, # 3 (p.21) Exhibit(s) F, # 4 (p.24) Exhibit(s) G) (Brown, John) (Entered: 04/30/2014) |
| 05/09/2014 | 37 (p.534) | Emergency MOTION for Sanctions *and Motion for Continuance* filed by Armour Robinson with Brief/Memorandum in Support. (Attachments: # 1 (p.9) Exhibit(s) A, # 2 (p.19) Exhibit(s) B, # 3 (p.21) Exhibit(s) C) (Welmaker, Douglas) (Entered: 05/09/2014) |
| 05/12/2014 | 38 | ELECTRONIC ORDER: Re: 37 (p.534) Plaintiff's Emergency MOTION for Sanctions and Motion for Continuance. Upon review of the motion, the Court has determined that an expedited briefing schedule is warranted. Accordingly, Defendant's response is due by 5/19/2014. Plaintiff's reply is due by 5/22/2014. Plaintiff's motion for a continuance of the summary judgment response deadline is granted pending resolution of the Emergency Motion for Sanctions. (Ordered by |

| | | |
|---|---|---|
| | | Magistrate Judge Renee Harris Toliver on 5/12/2014) (chmb) (Entered: 05/12/2014) |
| 05/19/2014 | 39 (p.595) | RESPONSE in Opposition filed by Nexion Health at Terrell Inc re: 37 (p.534) Emergency MOTION for Sanctions *and Motion for Continuance* (LeCroy, Colin) Modified on 5/20/2014 (skt). (Entered: 05/19/2014) |
| 05/19/2014 | 40 (p.617) | Appendix in Support filed by Nexion Health at Terrell Inc re 39 (p.595) Response/Objection *to Plaintiff's Emergency Motion for Sanction and Motion for Continuance* (Attachments: # 1 (p.9) Exhibit(s) A, # 2 (p.19) Exhibit(s) B, # 3 (p.21) Exhibit(s) C, # 4 (p.24) Exhibit(s) C-1, # 5 (p.26) Exhibit(s) D, # 6 (p.28) Exhibit(s) E, # 7 (p.35) Exhibit(s) F, # 8 (p.37) Exhibit(s) G, # 9 (p.41) Exhibit(s) H, # 10 (p.43) Exhibit(s) I, # 11 (p.50) Exhibit(s) J) (LeCroy, Colin) (Entered: 05/19/2014) |
| 05/22/2014 | 41 (p.719) | REPLY filed by Armour Robinson re: 37 (p.534) Emergency MOTION for Sanctions *and Motion for Continuance* (Attachments: # 1 (p.9) Exhibit(s) A) (Welmaker, Douglas) (Entered: 05/22/2014) |
| 06/04/2014 | 42 (p.744) | ORDER granting in part 37 (p.534) Emergency Motion for Sanctions and Motion for Continuance. The Court GRANTS Plaintiff's motion in part and ORDERS Kirley to make himself available for deposition within 14 days of the date of this order. Plaintiff shall file her response to Defendant's summary judgment motion seven days after Kirley's deposition is completed. (Ordered by Magistrate Judge Renee Harris Toliver on 6/4/2014) (aaa) (Entered: 06/04/2014) |
| 06/18/2014 | 43 | (Document Restricted) Sealed Submission for Attorney's Fees (Sealed pursuant to order dated 6/4/2014) filed by Armour Robinson (Attachments: # 1 (p.9) Exhibit(s), # 2 (p.19) Exhibit(s)) (Welmaker, Douglas) (Entered: 06/18/2014) |
| 06/23/2014 | 44 (p.754) | MOTION for Leave to Brief Regarding Attorneys' Fees Issue filed by Nexion Health at Terrell Inc (Brown, John) Modified on 6/24/2014 (skt). (Entered: 06/23/2014) |
| 06/24/2014 | 45 | ELECTRONIC ORDER granting 44 (p.754) Motion for Leave to File. Defendant shall file its response to Plaintiff's attorneys' fee submission by 7/7/2014. (Ordered by Magistrate Judge Renee Harris Toliver on 6/24/2014) (chmb) (Entered: 06/24/2014) |
| 06/25/2014 | 46 (p.757) | RESPONSE filed by Armour Robinson re: 30 (p.169) MOTION for Summary Judgment (Attachments: # 1 (p.9) Exhibit(s) A, # 2 (p.19) Exhibit(s) B, # 3 (p.21) Exhibit(s) C, # 4 (p.24) Exhibit(s) D, # 5 (p.26) Exhibit(s) E) (Welmaker, Douglas) (Entered: 06/25/2014) |
| 06/26/2014 | 47 (p.847) | Notice of Correction of Signature Omission, correcting signature omission in 46 (p.757) Response/Objection filed by Armour Robinson. (Welmaker, Douglas) (Entered: 06/26/2014) |
| 07/07/2014 | 48 (p.848) | Brief/Memorandum in Support filed by Nexion Health at Terrell Inc re 45 Order on Motion for Leave to File, 44 (p.754) MOTION for Leave to Brief Regarding Attorneys' Fees Issue (Brown, John) (Entered: 07/07/2014) |
| 07/07/2014 | 49 (p.858) | Appendix in Support filed by Nexion Health at Terrell Inc re 48 (p.848) Brief/Memorandum in Support of Motion *on Attorneys' Fees Issue* (Attachments: # 1 (p.9) Exhibit(s) 1) (Brown, John) (Entered: 07/07/2014) |

| 07/09/2014 | 50 (p.867) | REPLY filed by Nexion Health at Terrell Inc re: 30 (p.169) MOTION for Summary Judgment (LeCroy, Colin) (Entered: 07/09/2014) |
| 07/14/2014 | 51 (p.889) | RESPONSE filed by Armour Robinson re: 48 (p.848) Brief/Memorandum in Support of Motion (Attachments: # 1 (p.9) Exhibit(s)) (Welmaker, Douglas) (Entered: 07/14/2014) |
| 10/20/2014 | 52 (p.910) | FINDINGS, CONCLUSIONS, AND RECOMMENDATION: It is recommended that Defendants 30 (p.169) Motion for Summary Judgment be DENIED. (Ordered by Magistrate Judge Renee Harris Toliver on 10/20/2014) (mcrd) (Entered: 10/20/2014) |
| 11/03/2014 | 53 (p.925) | OBJECTION to 52 (p.910) Findings and Recommendations . (LeCroy, Colin) (Entered: 11/03/2014) |
| 11/17/2014 | 54 (p.949) | RESPONSE filed by Armour Robinson re: 53 (p.925) Objection to Findings and Recommendations (Welmaker, Douglas) (Entered: 11/17/2014) |
| 12/01/2014 | 55 (p.970) | REPLY filed by Nexion Health at Terrell Inc re: 53 (p.925) Objection to Findings and Recommendations (Brown, John) (Entered: 12/01/2014) |
| 02/11/2015 | 56 (p.982) | ORDER granting Plaintiff's 43 Sealed Submission for Attorney's Fees. Defendant is ORDERED to pay to Plaintiff attorneys fees in the amount of $16,981.00 plus costs of $976.64. (Ordered by Magistrate Judge Renee Harris Toliver on 2/11/2015) (mcrd) (Entered: 02/12/2015) |
| 03/31/2015 | 57 (p.989) | MEMORANDUM OPINION AND ORDER: Accordingly, the court rejects the 52 (p.910) conclusions and recommendation of the magistrate judge and grants Defendant's 30 (p.169) Motion for Summary Judgment. The court, as required by Federal Rule of Civil Procedure 58, will issue judgment by separate document. (Ordered by Judge Sam A Lindsay on 3/31/2015) (ctf) (Entered: 03/31/2015) |
| 03/31/2015 | 58 (p.996) | JUDGMENT: The court issues this judgment pursuant to its Memorandum Opinion and Order, filed earlier today. Accordingly, it is hereby ordered, adjudged and decreed that Plaintiff Armour Robinson ("Robinson") take nothing against Defendant Nexion Health at Terrell, Inc. ("Nexion"); that this action against Nexion is dismissed with prejudice; that all relief requested by Robinson is denied; and that all allowable and reasonable costs are taxed against Robinson. (Ordered by Judge Sam A Lindsay on 3/31/2015) (ctf) (Entered: 03/31/2015) |
| 04/28/2015 | 59 (p.997) | MOTION for Reconsideration re 58 (p.996) Judgment,, filed by Armour Robinson with Brief/Memorandum in Support. (Attachments: # 1 (p.9) Exhibit(s)) (Welmaker, Douglas) (Entered: 04/28/2015) |
| 05/19/2015 | 60 (p.1015) | RESPONSE AND OBJECTION filed by Nexion Health at Terrell Inc re: 59 (p.997) MOTION for Reconsideration re 58 (p.996) Judgment,, (LeCroy, Colin) (Entered: 05/19/2015) |
| 06/02/2015 | 61 (p.1034) | REPLY filed by Armour Robinson re: 59 (p.997) MOTION for Reconsideration re 58 (p.996) Judgment. (Welmaker, Douglas) (Entered: 06/02/2015) |
| 10/05/2015 | 62 (p.1039) | MEMORANDUM OPINION AND ORDER: Before the court is Plaintiff's Motion to Reconsider and Alter the Judgment (Doc. 59 (p.997) ), filed 4/28/2015. Plaintiff seeks reconsideration of the court's 3/31/2015 memorandum opinion and order (Doc. 57 (p.989) ) granting Defendant's Motion for Summary Judgment. After considering the motion, response, reply, record, and applicable law, the |

| | | |
|---|---|---|
| | | court denies Plaintiff's Motion to Reconsider and Alter the Judgment (Doc. <u>59 (p.997)</u> ). (Ordered by Judge Sam A Lindsay on 10/5/2015) (bdb) (Entered: 10/06/2015) |
| 10/28/2015 | <u>63 (p.1043)</u> | NOTICE OF APPEAL as to <u>57 (p.989)</u> Memorandum Opinion and Order, <u>58 (p.996)</u> Judgment,, <u>62 (p.1039)</u> Order on Motion for Reconsideration,, to the Fifth Circuit by Armour Robinson. Filing fee $505, receipt number 0539-7150785. T.O. form to appellant electronically at <u>Transcript Order Form</u> or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions <u>here</u>. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Welmaker, Douglas) (Entered: 10/28/2015) |
| 10/28/2015 | <u>64 (p.1045)</u> | Notice of Correction of Signature Omission, correcting signature omission in <u>63 (p.1043)</u> Notice of Appeal, filed by Armour Robinson. (Welmaker, Douglas) (Entered: 10/28/2015) |
| 11/16/2015 | | USCA Case Number 15-11071 for <u>63 (p.1043)</u> Notice of Appeal, filed by Armour Robinson. (svc) (Entered: 11/16/2015) |

# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| ARMOUR ROBINSON, | § | |
| | § | |
| **Plaintiff** | § | |
| | § | Civil Action No. 3:12-cv-3853 |
| v. | § | |
| | § | |
| NEXION HEALTH AT | § | |
| TERRELL, INC., | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

## NOTICE OF APPEAL

Plaintiff Armour Robinson ("Robinson") hereby appeals the Court's March 31, 2015 Final Judgment (Dkt. 58) and Memorandum and Order (Dkt. 57) granting Defendant Nexion Health At Terrell, Inc.'s Motion for Summary Judgment (ECF. No. 30) and the Court's October 6, 2015 Order denying Robinson's Motion To Alter or Amend the Judgment (Dkt. 62), to the United States Court of Appeals for the Fifth Circuit.

Dated: October 28, 2015

Respectfully submitted,

By: Douglas B. Welmaker
**Douglas B. Welmaker**
State Bar No. 00788641
DUNHAM & JONES, P.C.
1800 Guadalupe Street
Austin, TX 78701
Tel.: (512) 777-7777
Fax: (512) 340-4051
 E-mail:  doug@dunhamlaw.com

**ATTORNEY FOR PLAINTIFF**

15-11071.1043

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been served upon all counsel of record via the Court's ECF system on this 28th day of October 2015, as follows:

**John B Brown**
Ogletree Deakins Nash Smoak & Stewart PC
Preston Commons West
8117 Preston Road, Ste 500
Dallas, TX 75225
Phone: 214-987-3800 ext. 226
Fax: 214-987-3927
Email: john.brown@ogletreedeakins.com

**Alicia Sienne Voltmer**
Ogletree Deakins Nash Smoak & Stewart PC
8117 Preston Road, Suite 500
Dallas, TX 75225-4324
Phone: 214-987-3800
Fax: 214-987-3927
Email: alicia.voltmer@ogletreedeakins.com

**Brittany Lajuan Adams**
Ogletree Deakins Nash Smoak & Stewart PC
8117 Preston Road
Suite 700
Dallas, TX 75225
Phone: 214-987-3800
Fax: 214-987-3927
Email: brittany.adams@ogletreedeakins.com

**Colin LeCroy**
Ogletree Deakins Nash Smoak & Stewart PC
8117 Preston Road
Suite 500
Dallas, TX 75225
Phone: 214-525-2195
Fax: 214/987-3927
Email: colin.lecroy@ogletreedeakins.com

# EXHIBIT 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

**ARMOUR ROBINSON,**

> **Plaintiff,**

**v.**                                                  **Civil Action No. 3:12-CV-3853-L-BK**

**NEXION HEALTH AT TERRELL, INC.,**

> **Defendant.**

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and the District Judge's *Standing Order of Reference*, Doc. 11, this case has been referred to the United States Magistrate Judge for pretrial management. The Court now considers Defendant's *Motion for Summary Judgment*. Doc. 30. For the reasons discussed below, it is recommended that the motion be **DENIED**.

### BACKGROUND

**A.      Procedural History**

Plaintiff alleges in her amended complaint that Defendant, her former employer, willfully violated the Fair Labor Standards Act ("FLSA") by failing to pay her one and one-half times her regular rate for overtime hours worked in excess of 40 hours per week while she was employed by Defendant as a licensed vocational nurse ("LVN"). Doc. 15 at 1, 4-5. She seeks all unpaid overtime compensation, an additional equal amount as liquidated damages, and an award of attorneys' fees, costs, and interest. Doc. 15 at 5. Defendant now moves for summary judgment. Doc. 30.

15-11071.910

B.     Facts

In August 2008, Defendant hired Plaintiff as an LVN, a job which required her to administer medical treatments, give patients medication, document patient care, and oversee nursing assistants assigned to her station.  Doc. 35-1 at 7, 9-10 (A. Robinson Dep.).  Plaintiff initially reported to Director of Nursing Mary Cole, then to Mae White (until shortly before Plaintiff was terminated), and then to Kristi Hurst.  Doc. 35-1 at 11 (A. Robinson Dep.).  Defendant terminated Plaintiff's employment in 2012 after finding that she had falsified documentation about a patient's care.  Doc. 35-1 at 8, 189 (A. Robinson Dep.).

Defendant's employee handbook prohibits hourly employees from working "off the clock" or through their meal breaks, and Plaintiff understood the policy.  Doc. 34-1 at 5 (Defendant's employee handbook); Doc. 35-1 at 16 (A. Robinson Dep.).  Defendant's timekeeping system consisted of employees swiping a plastic time card when clocking in or out of work and before and after meal breaks.  Doc. 35-1 at 14 (A. Robinson Dep.).  Employees also could submit a "missed punch" form to correct any mistakes or inaccuracies, such as if one forgot to clock in or out.  Doc. 35-1 at 16 (A. Robinson Dep.).  Plaintiff testified that she was told to fill out a missed punch sheet on days that she did not take a lunch break, so that she would not get paid for lunch, even though she had worked through her break, and she complained to Cole, White, and Hurst that it was unfair.  Doc. 35-1 at 16, 25-26 (A. Robinson Dep.).

Plaintiff testified that after Cole and White told the nurses to eat in the dining room instead of at the nurse's station, the nurses stopped taking meal breaks because they were too busy.  Doc. 35-1 at 15 (A. Robinson Dep.).  Nevertheless, White and Cole pressured nurses, including Plaintiff, to clock out for lunch, and Cole told Plaintiff to take her lunch break, but working through lunch was the only way that all the work could get done.  Doc. 35-1 at 15, 28

2

15-11071.911

(A. Robinson Dep.).  Plaintiff was reprimanded in writing twice by White and/or Cole for working excessive hours after her shift and for not taking lunch breaks.  Doc. 35-1 at 30 (A. Robinson Dep.).  She testified that her then boss, White, urged her and other LVNs to clock out when their shifts were over and, when Plaintiff stated that she could not get all of her work done in the allotted time, White told her "I cannot tell you to work off the clock, but I will tell you your work has to be done before you leave the facility." Doc. 35-1 at 31-32 (A. Robinson Dep.).  Plaintiff recalled that sometimes someone would get on the intercom near the end of her shift and say "I need all 62 nurses to get off the clock," and when the nurses would say they were not finished with their work, they would still be told to clock out.  Doc. 35-1 at 27 (A. Robinson Dep.).  They were also told, however, that they had to have their work done before they could leave because if it was not done, there would be repercussions, so Plaintiff would clock out and keep working because she needed to keep her job.  Doc. 35-1 at 27(A. Robinson Dep.); Doc. 46-1 at 10-11, 16-17.  Other times, the announcement would not be made over the intercom, but someone would come to her desk and tell her to clock out even if she was not done with her work.  Doc. 35-1 at 27 (A. Robinson Dep.).  Plaintiff testified that for the last year or two of her employment, she worked off the clock almost every day after the end of her shift.  Doc. 35-1 at 27(A. Robinson Dep.).

Defendant's pay records and Plaintiff's time sheets indicate that Plaintiff did not clock out for meals on 159 of her 598 shift dates in the three years prior to her filing suit, and she was paid for that time.  Doc. 32-2 at 2-70; Doc. 33-1 at 1-82; Doc. 34-3 at 1-16 (M.L. Robinson Decl., Exs. A-1, A-2; V. Tall Decl. Ex. B-1).  The records also indicate that, during the three years before she filed this lawsuit, Plaintiff clocked out a total of 23,417 minutes after the scheduled end of her shifts, for an average of approximately 39 minutes per day. Doc. 33-1 at 1-

3

82; Doc. 34-3 at 1-16 (M.L. Robinson Decl. Ex. A-2; V. Tall Decl. Ex. B-1).  When Plaintiff reported her overtime, she acknowledges that she was paid for that work.  Doc. 35-1 at 32 (A. Robinson Dep.).  Defendant's records reflect that Plaintiff was paid the following amounts in overtime pay:  (1) $2,184.03 during the relevant period in 2009; (2) $8,232.39 in 2010; (3) $5,336.86 in 2011; and (4) $2,828.49 in 2012.  Doc. 32-2 at 2-70 (M.L. Robinson Decl. Ex. A-1).  Plaintiff does not have any of her own records of the hours that she worked that contradict Defendant's records.  Doc. 35-1 at 21 (A. Robinson Dep.).

Kristi Hurst testified that when she was a nurse (during the first part of Plaintiff's employment), she never worked off the clock.  Doc. 46-3 at 6-7, 10 (K. Hurst Dep.).  However, White told her that she had to clock out for lunch even if she had to work through her break because White "didn't want the overtime on the clock."  Doc. 46-3 at 7 (K. Hurst Dep.).  When White tried to get Hurst to fill out a missed punch sheet for days when Hurst did not take a lunch, Hurst refused even though she knew it could get her in trouble.  Doc. 46-3 at 13 (K. Hurst Dep.).  Additionally, Cole and White both told Hurst to clock out at the end of her shift regardless of whether she was finished with her work.  Doc. 46-3 at 8-9 (K. Hurst Dep.).  Hurst averred that White made it clear that nurses were at risk of being written up if they did not clock out, and she was acting on Cole's policy.  Doc. 46-3 at 9 (K. Hurst Dep.).  Hurst even believed that she might get fired for refusing to clock out.  Doc. 46-3 at 11(K. Hurst Dep.).  After Hurst took over the Director of Nursing position from Cole in July 2011, nobody pressured her to prevent nurses from working overtime.  Doc. 36-4 at 3, 7 (K. Hurst Dep.).  Further, as Plaintiff's supervisor, she expected Plaintiff to record on the clock, and get paid for, all of the hours that she had actually worked.  Doc. 36-4 at 9 (K. Hurst Dep.).

4

April Rose, the LVN with whom Robinson worked most frequently, testified that she was never instructed to work after clocking out and was never asked to clock out for a lunch break that she had she worked through.  Doc. 35-1 at 10 (A. Robinson Dep.); Doc. 36-2 at 3 (A. Rose Dep.).  Rose did recall hearing an announcement over the public address system once, telling all employees to clock out.  Doc. 36-2 at 3-4.  Debra McIntyre, another LVN, testified that when she was too busy to take a lunch break, Cole wrote her up five times for refusing to fill out a missed punch sheet which would have indicated that she had taken a break.  Doc. 36-3 at 3-4 (D. McIntyre Dep.).   McIntyre also stated that Cole wanted her to clock out at the end of the day even if all her work was not finished, but McIntyre just kept working and did not clock out until she completed her work.  Doc. 36-3 at 3-4 (D. McIntyre Dep.).  McIntyre testified that Cole wrote her up approximately seven times for not clocking out right when her shift was over, even after McIntyre told Cole that she still had work to do.  Doc. 46-4 at 9-10 (D. McIntyre Dep.).

## APPLICABLE LAW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A party moving for summary judgment has the initial burden of  "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323.   Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to "come forward with specific facts showing that there is a genuine issue

5

for trial." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotes omitted).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* (citation omitted). Nevertheless, when ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party.  *Id.*

The FLSA, 29 U.S.C. §§ 201-219, requires all covered employers to pay non-exempt employees at one and one-half times their regular hourly rate for all hours in excess of 40 during one work week.  29 U.S.C. § 207(a)(1).  Employers subject to the FLSA are required to "make, keep, and preserve" records of their employees' wages and hours worked.  29 U.S.C. § 211(c). An employee who brings suit for unpaid overtime compensation generally bears the burden of proving, with definite and certain evidence, that he performed work for which he was not properly compensated."  *Reeves v. Int'l Tel. and Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980), *abrogated on other grounds by* McLaughlin v. Richland Shoe Co., 486 U.S. 128 (1988).

However, when an employer fails to maintain complete and accurate timekeeping records, "[t]he solution ... is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)), *superseded by statute on other grounds as stated in* Carter v. Panama Canal Co., 463 F.2d 1289, 1293 (D.C. Cir. 1972)).  Instead, when "the inaccuracy is due to the employer's failure to keep adequate records as required by statute, imprecise evidence on quantum can provide a sufficient basis for damages."  *Reeves*, 616 F.2d at 1351.  An employee can thus satisfy her burden if she (1) proves that she has performed work for which she was improperly compensated; and (2) produces sufficient evidence to show the

15-11071.915

amount and extent of that work as a matter of just and reasonable inference.  *Anderson*, 328 U.S. at 687-88.  The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence.  *Id.* at 688.  If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result may only be approximate.  *Id.*

Additionally, a plaintiff must show that she was "employed" by an employer during the period for which she claims overtime.  *Newton v. Henderson*, 47 F.3d 746, 748 (5th Cir. 1995). An employee is "employed" during those hours that the employer had either actual or constructive knowledge that the employee was working.  *Id.* (citation omitted).  "An employer who is armed with [knowledge that an employee is working overtime] cannot stand idly by and allow an employee to perform overtime work without proper compensation, even if the employee does not make a claim for the overtime compensation."  *Id.* (internal quotations omitted).  An employee is not estopped from claiming additional overtime if the employer knew or had reason to believe that the reported information was inaccurate.  *Id.* at 749 (quoting *Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972)).

## PARTIES' ARGUMENTS

Defendant contends in support of its summary judgment argument that Plaintiff has not produced any evidence that Defendant knew or should have known that she was working unpaid overtime and deliberately falsifying her time records.  Doc. 31 at 14-16.  Moreover, Defendant asserts that Plaintiff's allegation that she underreported her time because she feared being disciplined does not render Defendant liable under the FLSA because an employer is entitled to prevent its workers from working overtime.  Doc. 31 at 16-17.  To demonstrate its inability to

7

learn about Plaintiff's alleged unpaid overtime, Defendant points to (1) its company policy against working off the clock, of which Plaintiff was aware; (2) the fact that other employees of Defendant had no way to know what Plaintiff was doing on her lunch breaks; and (3) the fact that Plaintiff clocked out well after the end of her shift for almost the entire three years before she filed suit and admits that she was paid overtime for those hours. Doc. 31 at 17. Defendant additionally argues that Plaintiff's FLSA claim must fail because she has no "definite and certain" evidence of the fact or amount of her alleged overtime hours. Doc. 31 at 18-22.

Plaintiff counters that a genuine issue of material fact exists as to whether Defendant had knowledge that Plaintiff was working off the clock through lunch and after her shift, as evidenced by Plaintiff's testimony that she was doing so on the instructions of her supervisors. Doc. 46 at 10-11, 17-19. Plaintiff also points to (1) Hurst's testimony that White told her to work off the clock and she knew her job was in jeopardy for refusing to do so; and (2) McIntyre's testimony that Cole repeatedly reprimanded her for (a) not clocking out for lunch breaks she had worked through and then refusing to submit a missed punch form and (b) not clocking out when she stayed late to finish her work. Doc. 46 at 12-15, 19-21. Plaintiff argues that Defendant had at least constructive knowledge through White and Cole that Plaintiff worked off the clock during her lunch break and after her shift and did not get paid for that work. Doc. 46 at 21.

Plaintiff also argues that a genuine issue of material fact exists as to whether she has produced competent evidence of the number of unpaid overtime hours she has worked. Plaintiff asserts that she need not produce "definite and certain" evidence of her hours because Defendant's timekeeping records are not accurate and, thus, she need only produce sufficient evidence to show the amount of work as a matter of "just and reasonable inference." Doc. 46 at

15-11071.917

23-24.  Plaintiff argues that she has provided such evidence in light of her testimony that (1) from 2010-2012, she had to work almost every day after she clocked out and (2) she was required to clock out for lunch breaks on an almost daily basis, whether she took a lunch or not. Doc. 46 at 22-23 (citing A. Robinson dep., Doc. 35-1 at 28-29 and Doc. 46-1 at 11-12).  Plaintiff also has submitted a sworn declaration stating that she can "reasonably estimate" that she worked (1) an average of 30 minutes per day through her lunch break on those days she was forced to clock out or fill out a missed punch sheet and (2) an average of 1.25 hours a week off the clock at the end of her shift.  Doc. 46-2 at 2.

Defendant replies that Plaintiff has no evidence that Defendant knew she was working off the clock during her lunch breaks, and the testimony of McIntyre, Hurst, and Plaintiff actually demonstrates that Defendant required that missed punch sheets be filled out, not to cause nurses to underreport their time, but only to explain why they did not take a lunch break.  Doc. 50 at 11-14.  As to the amount of overtime she allegedly was not paid for working through lunch off the clock, Defendant asserts that Plaintiff cannot meet her burden of proof because she has not identified which days or how many shifts she worked through lunch off the clock nor did she identify the pay periods such that it can be ascertained whether she would have been entitled to overtime pay during that period.[1]  Doc. 50 at 15.  Finally, Defendant challenges Plaintiff's sworn declaration, arguing that it conflicts with her deposition testimony because, during her deposition, she denied knowing how much unpaid overtime she was owed.  Doc. 50 at 17-19.

---

[1] While Defendant contends that Plaintiff claims to have worked a total of only 1.25 hours of post-shift overtime per week, Doc. 50 at 15, that is inaccurate.  Plaintiff claims that she worked 1.25 hours of *unpaid* post-shift overtime per week.  Doc. 46-2 at 2 (A. Robinson Dec.).  Defendant additionally argues that Plaintiff has no evidence that White told her to work off the clock at any time during the three years prior to filing the case for statute of limitations purposes. Doc. 50 at 9.  That, too, is inaccurate as Plaintiff testified that she had such discussions with White in January 2012.  Doc. 46-1 at 12-14 (A. Robinson Dep.).

15-11071.918

## ANALYSIS

Upon consideration of the parties' arguments and the law, the Court recommends that Defendant's *Motion for Summary Judgment* be denied.   To prevail on summary judgment, Defendant first must show that there is no genuine issue of fact as to Defendant's knowledge that Plaintiff was working overtime and not getting paid for all of the hours she had worked.  As set forth above, considering all evidence in the light most favorable to Plaintiff, she has provided deposition testimony that Cole and White cajoled and threatened her and other LVNs to work off the clock both during lunch time and after their shifts ended.  That other LVNs did not submit to such pressure, does not vitiate Plaintiff's evidence that she did.  Moreover, while Defendant points to testimony that suggests Defendant required LVNs to fill out missed punch sheets only to explain why they did not take a lunch break, not to underreport their time, there is a material dispute of fact in that regard because there is evidence that the forms may have been used for both purposes.  *See* Doc. 35-1 at 16, 25-26 (Plaintiff's testimony that she was told to fill out a missed punch sheet on days that she did not take a lunch break so that she would not get paid for lunch); Doc. 46-3 at 7-8, 13 (Hurst's testimony that White told her she had to clock out for lunch because White did not "want the overtime on the clock" and that Cole "was upset about it"; further testimony that when White tried to get Hurst to fill out a missed punch sheet for days on which she did not take a lunch break, Hurst refused even though she knew it could get her in trouble).

Moreover, as Plaintiff observes, given the nature of their work, an LVN could not simply clock out and leave when her shift ended without potentially jeopardizing patient health and her nursing license.  *See* Doc. 46 at 15-16; *see also* Doc. 46-3 at 3-4 (Hurst's testimony that, as an LVN, before she could leave work, she had to complete documentation, complete entries in

10

patient treatment and medication books, finish charting, follow up on medication changes, and order medications; and any number of incidents could cause a shift to run long such as an accident, a medical emergency, or a new patient admission).  The LVN's near universal descriptions of their jobs tend to demonstrate that they were often in a no-win situation time wise.  Plaintiff testified that she would clock out for lunch, but work through her break period so she could increase her chances of clocking out on time due to the pressure on nurses to clock out when their shifts ended.  Doc. 46-1 at 4 (A. Robinson Dep.).  McIntyre testified similarly, noting that her goal was to clock out as close to the end of her shift as possible, which meant she did not have time for a lunch break sometimes, such as if she had to deal with a new admission to the facility, had dining room duty, or a resident had an incident.  Doc. 46-4 at 3 (D. McIntyre Dep.).

   McIntyre testified that finishing all of the work by the time her shift ended was not realistic and she had explained that to Cole, but Cole told her to "get off the clock" anyway. Doc. 46-4 at 10 (D. McIntyre Dep.).  McIntyre averred that she could not take a lunch break most days and that she generally stayed past her shift finishing work for 90 minutes each day. Doc. 46-4 at 6, 8 (D. McIntyre Dep.).   Hurst testified that, by shift's end, if a nurse had not finished her work, she had three choices: "Either don't finish and leave, go clock out and keep working, or continue to work on the clock and risk getting fired."  Doc. 46-3 at 9 (K. Hurst Dep.).  Based on the testimony and evidence presented, Plaintiff has established a material question of fact regarding whether Defendant, through its supervisors Cole and White, was aware that she was working overtime off the clock and not getting paid for it.[2]  See *Brennan v.*

_____

[2] While Defendant makes much of the fact that it did pay Plaintiff a significant sum in overtime wages, the fact that she got paid for some overtime does not necessarily mean she got paid for all of the time she actually worked.  For example, Plaintiff could have stayed on the clock after her shift ended, been instructed to clock out 30 minutes later, and then worked for another 30 minutes off the clock.

11

*Gen. Motors Acc. Corp.*, 482 F.2d 825, 827-28 (5th Cir. 1973) (holding that the employer had constructive notice of employees underreporting overtime hours worked because, even though upper echelon management encouraged reporting of all hours, the employees' immediate superiors insisted that reported overtime hours be kept to a stated minimum level which resulted in uncompensated hours of overtime).

Defendant's cases are not persuasive because none of them involves a situation where the plaintiff's supervisors reasonably could be charged with knowledge that the plaintiff was working unpaid overtime.  For example, in *Newton v. City of Henderson*, 47 F.3d 746, 749 (5th Cir. 1995), the appellate court held that the city could not be charged with constructive knowledge that a police officer had worked unauthorized overtime hours not reported on his time sheets while working on a federal task force, even though the city's police chief had access to information about the task force's activities and understood that undercover work could require overtime work.  The city and the task force supervisors told the officer not to work unauthorized overtime, and the officer did not comply with the city's established overtime procedures.  Thus, FLSA liability did not attach.  The *Newton* court also stated "Newton's payroll forms would not be reliable indicators of the number of hours worked, if there was evidence to support the conclusion that the City *encouraged or forced* Newton to submit incorrect time sheets." *Newton, 47 F.3d at 750* (emphasis added).  There is evidence in the record before the Court that the latter is precisely the situation the LVNs working under Cole and White faced.

Defendant also relies on *Uhler v. Galesi Mgmt. Corp.*, No. 98-cv-005-L, 1999 WL 20949, *5 (N.D. Tex. 1999) (Lindsay, J.), a case in which the court found that the plaintiff did not meet the "definite and certain" evidence standard because he had never recorded any of his overtime.  But that case is distinguishable because there was no indication that the plaintiff had

15-11071.921

complained of having to work off the clock, he made only a vague statement that an unknown superior at an unspecified time told him not to record his overtime hours on his timesheet, and a former supervisor's statement that employees were told to record no more than 40 hours on their timesheets was not alleged to pertain specifically to the plaintiff.  Similarly, in *Brumbelow*, 462 F.2d at 1327, the appellate court held that the plaintiff was estopped from recovering compensation based on extra hours she required to meet the norm where it did not appear that the employer had encouraged workers to falsify reports or that the employer knew or should have known that the plaintiff who was unable to perform up to norm and was giving false information to conceal that fact in order to hold her job.  Again, that case is inapposite here as there is evidence that Defendant's managers forced LVNs to falsify their time records.

Furthermore, because there is sufficient evidence in the record tending to demonstrate that Plaintiff was instructed to falsify her timesheets on the instruction of her supervisors, the Court also concludes that Defendant failed to maintain accurate time records as required by section 211(c) of the FLSA.  As such, Plaintiff may satisfy her burden of proving the amount she is owed if she proves that she performed work for which she was improperly compensated and she produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. *Anderson*, 328 U.S. at 687-88.   The Court finds that standard to have been met here for purposes of surviving summary judgment.

In particular, Plaintiff averred that (1) from 2010-2012, she had to work almost every day after she clocked out for an average of 1.25 hours per week; and (2) she worked an average of 30 minutes per day through her lunch break on those days she was forced to clock out or fill out a

15-11071.922

missed punch sheet.[3]  Doc. 35-1 at 28-29 and Doc. 46-1 at 11-12 (A. Robinson Dep.); Doc. 46-2 at 2 (A. Robinson Decl.).  Moreover, Plaintiff's averments are generally consistent with McIntyre's testimony that she was not able to take a lunch break most days and generally stayed at work late for 90 minutes each day.  Doc. 46-4 at 6, 8 (D. McIntyre Dep.).  This case is distinguishable from *Ihegword* in which the court found the plaintiff's estimate of the number of unpaid overtime hours she worked to be insufficient because it was couched in terms of approximations "to the best of her memory" and based on speculation.  929 F. Supp. 2d at 667-68.

## **CONCLUSION**

For the foregoing reasons, it is recommended that Defendant's *Motion for Summary Judgment*, Doc. 30, be **DENIED**.

**SO RECOMMENDED** on October 20, 2014.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[3] Contrary to Defendant's argument, the undersigned does not find Plaintiff's declaration to be so in conflict with her deposition testimony that it should be disregarded.  While Plaintiff testified that she did not know the amount of time or the dollar amount she thought Defendant owed her in overtime pay, she provided "reasonable estimates" of such time in her declaration, not exact figures, so any discrepancy between the testimony and her declaration is minimal.  This is unlike the direct conflict in the case Defendant cites in which a plaintiff averred in his affidavit that he was never paid for any overtime, but testified in his deposition that when he did record overtime, he was paid for it.  *Uhler*, 1999 WL 20949, at *5; *see also* *Ihegword v. Harris Cty. Hosp. Dist.*, 929 F. Supp. 2d 635, 665-66 (S.D. Tex. 2013) (finding a conflict between a declaration and deposition testimony where the plaintiff stated in her declaration that she would sometimes be compensated for overtime work if it was less than an hour's worth, but testified during deposition that she had to clock out as soon as her shift was over and was not paid for that work).

14

15-11071.923

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

15

15-11071.924

**EXHIBIT 4**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ARMOUR ROBINSON, on behalf of** | § | |
| **Herself and All Others Similarly Situated,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-3853-L** |
| | § | |
| **NEXION HEALTH AT TERRELL, INC.,** | § | |
| | § | |
| Defendant. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the court is Defendant's Motion for Summary Judgment, filed April 30, 2014.  On May 2, 2013, the court referred this action to the Honorable United States Magistrate Judge Renée Harris Toliver for pretrial management.  In accordance with the order of reference, Judge Toliver issued Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") on October 20, 2014.  Judge Toliver recommended that Defendant's Motion for Summary Judgment be denied because she concluded that a genuine dispute of material fact existed as to Plaintiff Armour Robinson's claim for unpaid overtime under the Fair Labor Standards Act ("FLSA").  The court has made an independent review of the Report to which objection was made, **rejects** the conclusions and recommendation of the magistrate judge, and **grants** Defendant's Motion for Summary Judgment.

**I.     Background**

On November 3, 2014, Defendant Nexion Health at Terrell, Inc.'s ("Defendant" or "Nexion") Objection[s] to the Magistrate Judge's Findings, Conclusions, and Recommendation were filed.  On November 17, 2014, Plaintiff Armour Robinson's ("Plaintiff" or "Robinson")

15-11071.989

response to Defendant's Objections was filed.  Defendant filed its reply to Plaintiff's response on

December 1, 2014.  Defendant sets forth three objections to the Report.  The specific objections

asserted by Defendant are:

> A.     Nexion objects to the Magistrate Judge's finding that "Plaintiff has established a material question of fact regarding whether Defendant, through its supervisors Cole and White, was aware that she was working overtime off the clock and not getting paid for it."  Recommendation at 11.

> B.     Nexion objects to the Magistrate Judge's finding that "Defendant failed to maintain accurate time records as required by section 211(c) of the FLSA" and that Robinson accordingly satisfied her burden of proving she performed the overtime work she alleges and the amount and extent of unpaid overtime she worked as a matter of just and reasonable inference.  Recommendation at 13.

> C.     Nexion objects to the Magistrate Judge's conclusion that Robinson's affidavit did not contradict her sworn deposition testimony.  Recommendation at 14 n.3.

Def.'s Objs. 3.  As the court determines that the third objection is dispositive, it will not address

the other two objections asserted by Nexion.

## II.    Discussion

### A.     Applicable Law

The magistrate judge correctly sets out the applicable legal standard for summary judgment

and the FLSA.  The summary judgment standard is well-known, and the court finds it unnecessary

to further comment on it.  With respect to the FLSA, the magistrate judge stated:

> The FLSA, 29 U.S.C. §§ 201-209, requires all covered employers to pay non-exempt employees at one and one-half times their regular hourly rate for all hours in excess of 40 during one work week.  29 U.S.C. § 207(a)(1).  Employers subject to the FLSA are required to "make, keep, and preserve" records of their employees' wages and hours worked.  29 U.S.C. § 211(c).  An employee who brings suit for unpaid overtime compensation generally bears the burden of proving, with definite and certain evidence, that he performed work for which he was not properly compensated." *Reeves v. Int'l Tel. and Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980), *abrogated on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988).

**Memorandum Opinion and Order – Page 2**

However, when an employer fails to maintain complete and accurate timekeeping records, "[t]he solution . . . is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)), *superseded by statute on other grounds as stated in Carter v. Panama Canal Co.*, 463 F.2d 1289, 1293 (D.C. Cir. 1972)). Instead, when "the inaccuracy is due to the employer's failure to keep adequate records as required by statute, imprecise evidence on quantum can provide a sufficient basis for damages." *Reeves*, 616 F.2d at 1351. An employee can thus satisfy her burden if she (1) proves that she has performed work for which she was improperly compensated; and (2) produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. *Anderson*, 328 U.S. at 687-88. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. *Id.* at 688. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result may only be approximate. *Id.*

Additionally, a plaintiff must show that she was "employed" by an employer during the period for which she claims overtime. *Newton v. Henderson*, 47 F.3d 746, 748 (5th Cir. 1995). An employee is "employed" during those hours that the employer had either actual or constructive knowledge that the employee was working. *Id.* (citation omitted). "An employer who is armed with [knowledge that an employee is working overtime] cannot stand idly by and allow an employee to perform overtime work without proper compensation, even if the employee does not make a claim for the overtime compensation." *Id.* (internal quotations omitted). An employee is not estopped from claiming additional overtime if the employer knew or had reason to believe that the reported information was inaccurate. *Id.* at 749 (quoting *Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972)).

Report 6-7. While the court agrees that the magistrate judge correctly states the law, it disagrees with her application of the facts to the relevant law regarding statements in Robinson's declaration that are contradictory to or inconsistent with her prior deposition testimony.

## B.     Analysis

A party may not "defeat a motion for summary judgment [by] using an affidavit that impeaches, without explanation, sworn testimony." *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996) (footnote and citations omitted). Stated another way, "the nonmovant cannot defeat a motion for summary judgment by submitting an affidavit [that] directly contradicts, without explanation, [her] previous [deposition] testimony." *Albertson v. T.J. Stevenson & Co.*,

749 F.2d 223, 228 (5th Cir. 1984) (citations omitted).  "When an affidavit merely supplements rather than contradicts prior deposition testimony, the court may consider the affidavit when evaluating genuine issues in a motion for summary judgment."  *S.W.S. Erectors*, 72 F.3d at 496 (citation omitted).  In the context of summary judgment, to supplement means to clarify or amplify "the facts by giving greater detail or additional facts not previously provided in the deposition."  *Id.*[1]

Nexion contends that Robinson's declaration testimony contradicts her deposition on key facts.  The court, for the reasons that follow, agrees.

In her deposition, Robinson testified as follows to questions related to the amount of unpaid overtime:

> Q.    What is it you're seeking to recover in this lawsuit?
> A.    The pay that I worked off the clock.  And I have no proof, but it happened.
> Q.    Can you identify the weeks where you performed work, for which you think you're owed additional pay?
> A.    No, I can't provide proof.
> Q.    Do you know the amount of time you're seeking to recover in this lawsuit?
> A.    No.
> Q.    Do you know the amount and dollars that you're seeking to recover in this lawsuit?
> A.    No.  My attorney – I let my attorney handle that.
> Q.    Well, I don't get to ask him any questions under oath, so I'm just trying to figure out, as you sit here today, what your knowledge is.  Do you have a dollar figure in mind that you're seeking to recover?
> A.    No.

Def's. App. 210, Robinson Dep. 119:6-24.  In her declaration, Robinson made the following statements relevant to the time she worked "off the clock":

---

[1] That *S.W.S. Erectors, Albertson,* and other cases reviewed by the court involve affidavits rather than declarations is of no moment, and the court finds these cases controlling.  An affidavit is a statement made under oath, while a declaration is an unsworn statement made under penalty of perjury and has the same effect as an affidavit.  *See* 28 U.S.C. § 1746.  Moreover, an affidavit or declaration may be used to support or oppose a motion for summary judgment.  Fed. R. Civ. P. 56(c)(4).

**Memorandum Opinion and Order – Page 4**

> Although I do not have documentary proof of the specific hours I worked off the clock, as I testified in my deposition, I can reasonably estimate my off the clock hours (which I did in my disclosures made to Defendant before my deposition). I worked an average of 30 minutes per day through my lunch on those days I was forced to clock out or was forced to fill out a missed punch sheet. Additionally, I worked an average of 1.25 hours a week off the clock at the end of my shift.

Decl. of Robinson 2, Doc. No. 46-2.

In Robinson's deposition, which was taken in February 2014, Nexion's counsel asked Robinson what she sought to recover in this lawsuit, and Robinson answered that she sought to recover the pay for when she worked "off the clock." When further requested to identify the weeks in which she performed work and was owed additional pay, Robinson stated that she could not provide proof of the amount, did not know the amount of time for which she was seeking to recover, and did not know the amount and dollars that she sought to recover. Stated bluntly, Robinson provided no evidence to show the amount and extent of work as a matter of just and reasonable inference. At her deposition, she simply did not provide any evidence from which the court can justly and reasonably infer the amount and extent of work she performed that would entitle her to additional compensation.

In her declaration, which was made on June 24, 2014, Robinson provides the amount of time for her "off the clock" hours and states that she worked an average of thirty minutes on the days she was forced to clock out or fill out a missed punch sheet. She also states she worked an average of one and one-fourth hours a week "off the clock" at the end of her shift.

Robinson's declaration is different and contrary to what she testified to in her deposition. She provided no evidence during the deposition on the critical issues of the amount of time she worked and the amount of unpaid overtime she was seeking. Robinson did not even make a reasonable estimate of the amount and extent of the work she performed and the amount of

**Memorandum Opinion and Order – Page 5**

overtime pay she sought.  Her statements in her declaration are markedly different from her deposition testimony.  Robinson provided no explanation as to why her statements in the declaration are contrary to her deposition testimony.

Further, as Robinson provided no evidence or reasonable estimate of the number of hours for which she sought overtime payment at her deposition, her statements in the declaration cannot be considered as a supplement.  A supplement necessarily requires the addition to something that is already in existence.  As no evidence existed on the subject matter as to the amount of overtime worked and the amount Robinson sought for unpaid overtime at the time she gave her deposition, it is logically impossible to characterize her declaration as a supplement to her deposition testimony.  The paragraph of the declaration does much more than merely supplement Robinson's deposition testimony.  What Robinson wholly failed to provide in her deposition testimony, she provides in her declaration.  Had she offered at her deposition even a modicum of evidence as to the hours she worked and the compensation she was seeking for unpaid overtime, the court would give her the benefit of the doubt.

As the relevant language in Robinson's declaration is directly contrary to her deposition testimony regarding the amount and extent of work that would entitle her to unpaid overtime, the court disregards the statements contained in the quoted paragraph of her declaration, and they cannot be used to create a genuine dispute of material fact.  The court concludes that Robinson failed to meet her burden and produce sufficient evidence for it to justly and reasonably infer the amount and extent of work for which she seeks overtime compensation.  As Robinson failed to

**Memorandum Opinion and Order – Page 6**

15-11071.994

raise a genuine dispute of material fact, regarding the amount and extent of unpaid overtime, Nexion is entitled to judgment as a matter of law.[2]

## III.     Conclusion

For the reasons herein stated, Robinson fails to carry her burden and raise a genuine dispute of material fact as to the extent and amount of work from which the court could justly and reasonably infer that she is entitled to unpaid overtime.  Nexion is therefore entitled to judgment as a matter of law.  Accordingly, the court **rejects** the conclusions and recommendation of the magistrate judge and **grants** Defendant's Motion for Summary Judgment.  The court, as required by Federal Rule of Civil Procedure 58, will issue judgment by separate document.

**It is so ordered** this 31st day of March, 2015.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge

---

[2] The reference in the paragraph of Robinson's declaration to Federal Rule of Civil Procedure 26(a) disclosures is quite beside the point.  Rule 26(a) disclosures "are not factual averments" and "are not 'evidence' for summary judgment purposes." *ILS, Inc. v. WMM, Inc.*, Civil Action No. 13-cv-00684, 2014 WL 4375890, at *4 (D.C. Col. Sept. 4, 2014).  Accordingly, to the extent Plaintiff attempts to use the Rule 26(a) disclosures as evidence to create a genuine dispute of material fact, such attempt fails.

**Memorandum Opinion and Order – Page 7**

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **ARMOUR ROBINSON, on behalf of Herself and All Others Similarly Situated,** | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:12-CV-3853-L** |
| **NEXION HEALTH AT TERRELL, INC.,** | § § § | |
| Defendant. | § | |

## JUDGMENT

The court issues this judgment pursuant to its Memorandum Opinion and Order, filed earlier today.  Accordingly, it is hereby **ordered, adjudged** and **decreed** that Plaintiff Armour Robinson ("Robinson") take nothing against Defendant Nexion Health at Terrell, Inc. ("Nexion"); that this action against Nexion is **dismissed with prejudice**; that all relief requested by Robinson is denied; and that all allowable and reasonable costs are taxed against Robinson.

Signed this 31st day of March, 2015.

Sam A. Lindsay
United States District Judge

**JUDGMENT – Solo Page**

15-11071.996

# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARMOUR ROBINSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-3853-L** |
| | § | |
| **NEXION HEALTH AT TERRELL, INC.** | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion to Reconsider and Alter the Judgment (Doc. 59), filed April 28, 2015. Plaintiff seeks reconsideration of the court's March 31, 2015 memorandum opinion and order (Doc. 57) granting Defendant's Motion for Summary Judgment. After considering the motion, response, reply, record, and applicable law, the court **denies** Plaintiff's Motion to Reconsider and Alter the Judgment (Doc. 59).

"Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citations omitted). Such motions may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp*., 885 F.2d 285, 289 (5th Cir. 1989). A Rule 59 motion may not be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to entry of judgment. *See generally* 11 C. WRIGHT, A. MILLER & M. KANE § 2810.1 at 127-28 (2d ed. 1995); *see also Simon*, 891 F.2d at 1159. When considering a Rule 59(e) motion to reconsider, a court may not grant such a motion unless the movant establishes: "(1) the facts discovered are of such a nature that they would

**Memorandum Opinion and Order - Page 1**

15-11071.1039

probably change the outcome; (2) the alleged facts are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Resources, Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003). District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id*. With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

Plaintiff contends that the court committed manifest error in disregarding evidence that established by "just and reasonable inference" the amount of overtime she worked during her lunch and meal breaks. Pl.'s Mot. 1. Defendant responds that Plaintiff is attempting to improperly relitigate matters previously resolved by the court in ruling on its summary judgment motion. Defendant further asserts that summary judgment was proper because Plaintiff failed to point to definite and certain evidence of overtime worked and offered no evidence that her supervisors knew or should have known she was working during her meal breaks.

The court's decision to grant Defendant's summary judgment was based to a large extent on the unexplained inconsistencies between Plaintiff's deposition testimony and the declaration she filed in response to the summary judgment motion. Because of Plaintiff's failure to explain or clarify the inconsistencies, the court did not consider the declaration to the extent it contradicted her deposition testimony. Plaintiff's Motion to Reconsider does not adequately address this issue and attempts to relitigate matters that could have been raised prior to entry of judgment. In support of

**Memorandum Opinion and Order - Page 2**

her Motion to Reconsider, Plaintiff presented a declaration by her attorney, Douglas Welmaker and a spreadsheet prepared by Mr. Welmaker to summarize the number of hours Plaintiff worked during her breaks. According to Mr. Welmaker, the spreadsheet was prepared using information taken directly from Defendant's summary judgment evidence (Doc. 33-1).

There are a number of problems, however, with this "evidence." First, the court questions whether Mr. Welmaker, as Plaintiff's counsel, is competent to testify on behalf of his client regarding the matters in his declaration. While he states that the matters in his declaration are based on personal knowledge, the declaration is devoid of any facts from which the court can conclude that he has *personal knowledge of* the hours worked by Plaintiff or the payroll records maintained by Defendant.

Moreover, evidence in this regard could have and should have been submitted by Plaintiff in response to the summary judgment motion. Plaintiff asserts that the court "disregarded" evidence that she now points to in the record. Pl.'s Mot. 1. While a district court may consider the entire record in ruling on a summary judgment motion, it has no duty to "sift through the record" or "scour the record in search of a fact issue on behalf of a party opposing summary judgment." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n.7 (5th Cir. 1992); *United States ex rel. Wallace v. Flintco Inc.*, 143 F.3d 955, 971 (5th Cir. 1998). Thus, the court was not required to scour the record or deduce the number of hours, if any, worked by Plaintiff from the seventy pages or more of payroll records filed by Defendant, particularly when the argument Plaintiff now asserts was not raised in response to Defendant's summary judgment motion.

If Plaintiff believed the payroll records submitted by Defendant in support of its summary judgment motion contained evidence sufficient to raise a genuine dispute of material fact, it was

**Memorandum Opinion and Order - Page 3**

incumbent on Plaintiff to bring this to court's attention in response to the summary judgment motion.

It only took Plaintiff 28 days to compile the spreadsheet submitted in support of her Motion to

Reconsider.  Thus, there is no reason why this information could not have been compiled in the

almost 60 days that Plaintiff had to respond to the summary judgment motion; nor is there any reason

why Plaintiff could not have made the argument she now urges based on this information.  Plaintiff

instead filed her Motion to Reconsider in an improper attempt to relitigate matters that should have

been raised prior to entry of judgment. Accordingly, for these reasons, the court **denies** Plaintiff's

Motion to Reconsider and Alter the Judgment (Doc. 59).

      **It is so ordered** this 5th day of October, 2015.


                                  Sam A. Lindsay
                                  United States District Judge

**Order - Page 4**

15-11071.1042

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 12th day of February, 2016, I caused the foregoing record excerpts to be filed electronically with the Court, where it is available for viewing and downloading from the Court's ECF system, and that such electronic filing automatically generates a Notice of Electronic Filing constituting service. I certify that all parties required to be served have been served.

s/Adam W. Hansen
Adam W. Hansen